IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JOY M. MAHONEY,                          Civil No.  09-6163-AA
                                            OPINION AND ORDER
        Plaintiff,

    vs.

THERESA SCHMID, EXECUTIVE DIRECTOR
OREGON STATE BAR ASSOCIATION; GERRY
GAYDOS; S. WARD GREENE; ROBERT L
VIERA; THERESA L WRIGHT; AUDREY T
MATSUMONJI; STEPHEN V PIUCCI; MITZI
M NAUCLER; MICHELLE CASTANO GARCIA;
BARBARA M DILACONI; STEVE B LARSON;
KATHLEEN A EVANS; KELLI F JOHNSON;
ANN L FISHER; GINA ANNE JOHNNIE;
KAREN J LORD; CHRISTOPHER H KENT;
MEMBERS BOARD OF GOVERNORS, OREGON
STATE BAR ASSOCIATION,

        Defendants.
_____

Joy M. Mahoney
24386 Bunker Hill Rd.
Monroe, Oregon 97456
     Plaintiff appearing Pro Se



Page 1 - OPINION AND ORDER

Helen M. Hierschbiel
Attorney At Law
Oregon State Bar
5200 SW Meadows Road
Lake Oswego, OR 97034
        Attorney for Defendants

AIKEN, Judge:

    Plaintiff, Joy M. Mahoney ("Mahoney"), filed a complaint,
pro se, pursuant to the Americans With Disability Act alleging
(1) Oregon State Bar Bylaw Article 20 Section 20.1(B) is over
broad and vague; (2) plaintiff's rights have been violated due to
defendant's application of OSB Bylaw 20.1(B) because it violated
her right to private association under the First Amendment; and
(3) defendants violated plaintiff's right to accommodation of her
disability under Title II of the Americans With Disabilities Act.
Defendants filed a motion to dismiss alleging plaintiff lacks
standing to sue, and that plaintiff fails to prove any set of
facts that would entitle her to relief.  Alternatively,
defendants argue that this court should abstain from exercising
jurisdiction over this case.  Defendants' motion to dismiss is
granted.  This court lacks subject matter jurisdiction over
plaintiff's claims due to plaintiff's lack of standing.
The court declines to rule on defendants' alternative motion.

                          BACKGROUND

    Although the plaintiff in the suit at bar is Joy Mahoney,
the Complaint was drafted by Jeffrey Sharp.  Sharp is not a
licensed attorney.  In December 2008, the Oregon State Bar ("the

Page 2 - OPINION AND ORDER

Bar") filed suit against Sharp alleging that he has been
practicing law without a license, and sought to enjoin him from
continuing his unauthorized practice of law.  Plaintiff was one
of Sharp's "clients," seeking his legal advice and assistance to
respond to a 24-hour notice of termination of tenancy and
subsequent eviction proceeding. In the Bar's suit for injunctive
relief, it contends that Sharp unlawfully provided legal advice
and assistance to plaintiff and three other individuals.

    Mr. Sharp, in drafting plaintiff's Complaint, explains that
plaintiff is a "legally mentally disabled woman as the result of
a head injury."  Complaint, p. 2.  He explains that plaintiff has
lived in low income housing for the past several years, and that
she attempted to obtain counsel through legal aid or other "pro
bono" means; however, those attempts were unsuccessful. Id.
Plaintiff was allegedly evicted by her landlord upon a 24-hour
notification.  Plaintiff then "requested private, unpaid and
informal lay legal assistance from a personal friend, one Jeffrey
Sharp" due to plaintiff's failure to obtain counsel elsewhere.
Id.

    Plaintiff's complaint states, "Mr. Sharp is assisting
plaintiff with this complaint despite the Bar's harassment of
him, but under the Oregon Bar's position the unpaid legal
assistance of Mr. Sharp or one like him will no longer be
available and plaintiff will no longer have effective access to

the courts." Id. at p. 4.

 The Complaint notes:

> As the result of Mr. Sharp's unpaid legal
> assistance Plaintiff was able to resolve the 24 hour
> eviction on terms favorable to her and substantially
> prevailed on the separate illegal eviction claim, this
> against a corporate attorney hired by the landlord.
> Without Mr. Sharp's help, Plaintiff would have
> had no effective access to the court at all and
> would have been legally helpless.

Id. at p. 3.

 Further, the Complaint alleges that, "the judge (Locke

Williams) in the 24 hour eviction claim very much resented this

form of access to the court and filed a complaint with the Oregon

State Bar against Mr. Sharp for the "unlawful practice of law"

solely based on his assistance with plaintiff's pleadings." Id.

Moreover, Mr. Sharp alleges that he has been intimidated and

harassed by the Bar due to the assistance he provided.  Finally,

plaintiff argues:

> the threat of an injunction has interfered with
> Mr. Sharp's willingness and ability to further
> assist me with my landlord tenant/disability
> based legal problems.  As such, the Oregon Bar's
> intimidation and harassment of Mr. Sharp is
> affecting my federal rights of effective access
> to the courts and the right to accommodation
> for my disability.

Id. at p. 3-4.

 Plaintiff appears to base her claims on the application of

OSB Bylaw section 20.1(B) which defines the unlawful practice of

law to include "providing advice or service to another on any

Page 4 - OPINION AND ORDER

matter involving the application of legal principles to rights,
duties, obligations or liabilities."

<u>STANDARD OF REVIEW</u>

<u>STANDARDS</u>

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated
adequately, it may be supported by "showing any set of facts
consistent with the allegations in the complaint." <u>Bell Atlantic
Corp. v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 1960 (2007). <u>See
also</u>, <u>Litchfield v. Spielberg</u>, 736 F.2d 1352, 1357 (9th Cir.
1984), <u>cert</u>. <u>denied</u>, 470 U.S. 1052 (1985).  For the purpose of
the motion to dismiss, the complaint is liberally construed in
favor of the plaintiffs, and its allegations are taken as true.
 <u>Rosen v. Walters</u>, 719 F.2d 1422, 1424 (9th Cir. 1983).

<u>DISCUSSION</u>

<u>Standing</u>

Article III of the United States Constitution limits federal
court jurisdiction to "cases or controversies."  In order for
plaintiff to have standing to sue, she must have been actually
injured by defendant's conduct.  <u>Friends of the Earth v. Laidlaw
Environmental Servs.</u>, 528 U.S. 167, 180 (2000).  In order to have
standing: (1) the plaintiff must have suffered an "injury in
fact;" (2) the injury is "fairly traceable" to defendant's
actions; and (3) the injury will likely be redressed by a
favorable decision.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S.

Page 5 - OPINION AND ORDER

555, 560-61 (1992).

    Here, plaintiff suffers no direct injury as a result of any
injunctive proceedings brought by the Oregon State Bar against
Mr. Sharp.  Further, any harm alleged by plaintiff is not likely
to be redressed by the relief she requests.  Plaintiff maintains
that the Bar's suit against Mr. Sharp has interfered with Sharp's
willingness to continue to provide legal assistance to plaintiff
on her landlord-tenant matters, notwithstanding Sharp's apparent
willingness to assist her with this lawsuit.  Plaintiff alleges
that without Sharp's assistance, she would have had no effective
access to the courts.  Consequently, she alleges that the Bar's
suit against Sharp is denying her right to effective access to
the courts and her rights to accommodation for her disability.
Plaintiff, however, fails to indicate how or why any of the
defendants are responsible for ensuring her access to the courts
and accommodation for her disability, or how exactly they are
involved in denying her rights.  Here, the only person who stands
to suffer direct injury in any proceeding by the Bar is Sharp.
Any injury to plaintiff due to the Bar's actions concerning Sharp
is indirect at best.  Even if this court were to grant plaintiff
the relief she seeks, she is not then guaranteed access to the
courts or accommodation for her disability.  In fact, plaintiff's
prayer for relief does not demand that she be ensured either
access to the courts or accommodation for her disability; instead

she demands that the Bar stop interfering with Sharp's activities.

Therefore, plaintiff lacks standing to pursue this litigation in federal court against defendants.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" and "lacks standing to contest the policies of the prosecuting authority when he himself is nether prosecuted nor threatened with prosecution.").

CONCLUSION

Defendants' motion to dismiss (doc. 22) is granted.  This case is dismissed and all pending motions are denied as moot. IT IS SO ORDERED.

Dated this  8  day of December 2009.


          /s/ Ann Aiken
            Ann Aiken
    United States District Judge